United States District Court
Southern District of Texas
**ENTERED**
July 09, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

PRUITT TOOL & SUPPLY CO.,                                   §
                                                            §
    PLAINTIFF,                          §
                                                            §
VS.                                                         §          CIVIL NO. 4:23-CV-01576
                                                            §
NOBLE ENERGY, INC., ET AL.,                                 §
                                                            §
    DEFENDANTS.                         §

## <u>MEMORANDUM AND RECOMMENDATION</u>

Defendant Hemerich & Payne International Drilling Co. (H&P) filed a Third-Party Complaint against its insurers Illinois Union Insurance Company (IUIC) and Westchester Fire Insurance Company (Westchester) (collectively "Insurers") to assert claims for contribution, breach of contract, bad faith, and declaratory judgment.[1]  ECF 55.  Before the Court is Third-Party Defendants' Motion to Dismiss or, Alternatively, to Stay.  ECF 65.  While this Court has subject matter jurisdiction over at least some of H&P's Third-Party Claims, the Insurers are not subject to personal jurisdiction in this Court.  Therefore, having considered the parties' submissions and the law, the Court recommends that the Insurers' Motion be granted.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 32.

## I.      Background

H&P's employee, James Ainsworth, was injured on October 10, 2017, while working on a well-site owned and/or operated by Defendant Rosetta Resources Operating LP (Rosetta). H&P's workers were on the site pursuant to a Master U.S. Onshore Daywork Drilling Contract (DDC) between H&P and former Defendant Noble Energy, Inc.[2]   Rosetta leased equipment for use at the well-site from Pruitt pursuant to a Master Service Agreement (MSA). Ainsworth sued Pruitt, Noble, Rosetta, and others in state court. Pruitt incurred costs for defense and settlement of Ainsworth's claims.   H&P paid some defense and settlement costs but has not reimbursed Pruitt for the full amount of Pruitt's defense and settlement costs. ECF 1 ¶¶ 3.9, 6.1.

On April 28, 2023, Pruitt filed this Complaint in federal court based on diversity jurisdiction. In this suit, Pruitt seeks declaratory relief and asserts a claim for breach of contract against H&P for failing to indemnify Pruitt for all its losses incurred as a result of the Ainsworth lawsuit and as required by the DDC. *See* ECF 1. Pruitt also seeks declaratory relief and asserts a claim for breach of contract against Rosetta for failing to indemnify Pruitt for its losses incurred as a result of the Ainsworth lawsuit and as required by the MSA. *Id*. H&P contends that, as a matter

---

[2] Pursuant to the parties' agreement, Pruitt's claims against Noble Energy, Inc. and NBL Texas LLC were dismissed without prejudice.  ECF 50; ECF 52.

of law, the Texas Oilfield Anti-Indemnity Act (TOAIA) limits the amount of H&P's indemnity obligation under the DDC.  *See* ECF 54 at 9.

Further, H&P contends that Pruitt seeks indemnity in an amount that would trigger layers of H&P's excess insurance coverage issued by the Insurers.[3]  *See* ECF 34; ECF 55.  H&P's primary insurance policy was issued by National Union Fire Insurance Company of Pittsburgh, PA with $5 million in coverage.  ECF 34-1 at 3. H&P had an umbrella policy issued by IUIC with a policy limit of $10 million per occurrence and $10 million general aggregate that would be triggered after H&P paid $5 million.  ECF 55 ¶ 10.  H&P had a second layer of excess insurance in a policy issued by Westchester with $15 million in coverage per occurrence and $15 million general aggregate that would be triggered after the $10 million IUIC policy limit was exhausted.  *Id.* ¶ 12.

The Court denied H&P's Motion to Compel Joinder of the Insurers in this case as necessary parties.  ECF 53.  H&P then filed a Third-Party Complaint against its Insurers, which led the Insurers to file the pending Motion to Dismiss.  The Insurers move to dismiss under Rule 12(b)(1) on grounds the H&P's claims are not ripe; under Rule 12(b)(2) for lack of personal jurisdiction; and under Rule 12(b)(6)

---

[3] Before this suit was filed in federal court, H&P sued IUIC in state court in Oklahoma seeking coverage for the costs it incurred in defense and settlement of the Ainsworth lawsuit *Helmerich & Payne,Inc. v. March USA, Inc. et al.*, Cause No. CJ-2019-03804, in the District Court of Tulsa County, Oklahoma.  The Court is unaware of the status of the Oklahoma case.

for failure to state claim.  ECF  65.  Alternatively, the Insurers move to stay H&P's

Third-Party claims until H&P's liability to Pruitt has been resolved.  *Id.*

## II.   Standards of Review

### A. Rule 12(b)(1)

When subject matter jurisdiction is challenged, the court "is free to weigh the

evidence and resolve factual disputes in order to satisfy itself that it has power to

hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim*

*v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of

the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the

complaint supplemented by the undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed

facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler*

*v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  The plaintiff bears the burden

of establishing subject matter jurisdiction.  *Exelon Wind 1, L.L.C. v. Nelson*, 766

F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet its burden, the case must

be dismissed.  *Id*.

### B. Rule 12(b)(2)

Federal  Rule  of  Civil  Procedure  12(b)(2)  provides  the  mechanism  for

dismissal for lack of personal jurisdiction.  *Fintech Fund, FLP v. Horne*, 327 F.

Supp. 3d 1007, 1016 (S.D. Tex. 2018).  When a defendant challenges personal

jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by prima facie evidence. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). The court determines whether plaintiff has met this prima facie burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion. *Id.*; *Fintech Fund*, 327 F. Supp. 3d at 1016. However, the court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).

## III. Analysis

As noted above, the Insurers seek dismissal of all of H&P's third-party claims based on lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Because the Court determines that some of H&P's claims against the Insurers are premature, and this Court lacks personal jurisdiction over the Insurers, the Court does not reach the Insurers' Rule 12(b)(6) failure to state claim or motion to stay arguments.

### A. Only some of H&P's claims against the Insurers are ripe.

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).  A matter is ripe only when an "actual controversy" exists.  *Id.*  An actual controversy exists where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."  *Id.* (quoting *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citations omitted))).  Whether particular facts are sufficiently immediate to establish an actual controversy is answered on a case-by-case basis." *Orex Credit All., Inc.*, 212 F.3d at 896 (citations omitted).  The key considerations of ripeness are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Triyar Companies, LLC v. Lexington Ins. Co.*, No. 3:12-CV-294, 2013 WL 3280033, at *2 (S.D. Tex. June 27, 2013).  The "fitness" consideration examines "whether the issues at stake are purely legal or whether further factual development is necessary to resolve the case, while the "hardship" consideration examines "the difficulty the parties will face if a judicial decision is denied."  *Id.*

### 1. The contribution and declaratory judgment claims are ripe.

The Insurers argue that, in the absence of a judgment awarding Pruitt damages against H&P, all of H&P's claims against the Insurers are speculative and not ripe.  ECF 65 at 13-14.  H&P's first cause of action against the Insurers is one for "contribution from IUIC and/or Westchester for any and all damages awarded to

Pruitt in this action, if any, under the respective policies of insurance." ECF 55 ¶ 28. H&P's fourth cause of action for declaratory judgment against the Insurers seeks several declarations on the following:  the floor and ceiling of various indemnity obligations; whether Pruitt's indemnity claims fall withing the coverage under the Insurer's policies; and whether "the retained limit under the IUIC Umbrella Policy was satisfied, triggering coverage under the IUIC Umbrella Policy for claims related to the underlying lawsuit." ECF 55 ¶ 53.  Courts in this judicial district have held that jurisdiction exist for contribution and declaratory judgment causes of action despite the lack of a judgment establishing the third-party plaintiff's liability. *Bowman v. Shadowbriar Apartments, LLC*, No. CV H-22-2106, 2023 WL 6798119, at *2 (S.D. Tex. Oct. 13, 2023) (contribution); *RSUI Indem. Co. v. Enbridge (U.S.) Inc.*, No. CIV.A. H-08-1807, 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008) (declaratory judgment).

The purpose of Federal Rule of Civil Procedure 14(a)(1) is to allow a defendant to file a complaint against a party "who is or ***may be*** liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1) (emphasis added); *see also, Bowman v. Shadowbriar Apartments, LLC*, No. CV H-22-2106, 2023 WL 6798119, at *2 (S.D. Tex. Oct. 13, 2023) (stating "The whole point of Rule 14 is to allow a defendant to implead a third party against whom the defendant can state a basis for derivative liability."). Thus, Federal Rule of Civil Procedure 14(a)(1) specifically

allows a defendant to assert a claim against a third-party *prior to* entry of judgment against the defendant/third-party plaintiff so that the matter can be litigated in one proceeding. Similarly, the Declaratory Judgment Act allows a party to ask a court to "declare the rights and other legal relations of any interested party, even where an injury has not yet occurred." *Triyar Companies, LLC v. Lexington Ins. Co.*, No. 3:12-CV-294, 2013 WL 3280033, at *2 (S.D. Tex. June 27, 2013).

In this case, H&P seeks to litigate both the amount it may owe to Pruitt as a result of the Ainsworth lawsuit as well as the Insurers liability to pay H&P for that amount by way of contribution or indemnity pursuant to their respective insurance policies. ECF 54 (Answer); ECF 55 (Third-Party Complaint). The Insurers argue that H&P's indemnity obligation to Pruitt is limited by the Texas Oilfield Anti-Indemnity Act (TOAIA) and therefore H&P has satisfied its indemnity obligations to Pruitt which, in turn, means the Insureds' excess policy coverage will never be triggered. ECF 65.

The Court finds "a substantial controversy of sufficient immediacy and reality"—exists between H&P and the Insurers regarding H&P's contribution and declaratory judgment claims. *Shields*, 289 F.3d at 835. Further, the hardship to H&P from denial of the opportunity to litigate its claims against the Insurers in the same case as Pruitt's claims would be greater than the hardship faced by the Insurers because, if H&P is found liable to Pruitt in an amount in excess of its primary

insurance coverage, the Insurers will simply face litigation in a separate action. Lack of ripeness does not preclude this Court's subject matter jurisdiction over the contribution and declaratory judgment causes of action.

### 2. The breach of contract and bad faith causes of action are not ripe.

H&P's second and third causes of action are brought only against IUIC for breach of contract and bad faith, respectively. ECF 55 ¶¶ 29-49. With respect to the breach of contract action, H&P alleges: "To the extent this Court finds that H&P IDC owes Pruitt indemnity for any amounts it alleges in this action, H&P IDC asserts the following breach of contract claim against IUIC." ECF 55 ¶ 30. H&P then alleges that IUIC has denied coverage for any and all indemnity claims, including those asserted by Pruitt. ECF 55 ¶¶ 35-36. With respect to the bad faith claim, H&P alleges, among other things, that IUIC breached its duty of good faith by refusing to properly investigate the Ainsworth claim, refusing to defend H&P's indemnitee in the Ainsworth suit (Pruitt), and refusing to participate in the settlement of the Ainsworth claim. ECF 55 ¶¶ 41-43.

No federal rule or statute similar to Federal Rule of Civil Procedure 14 or the Declaratory Judgment Act permits a plaintiff to assert breach of contract and bad faith claims prior to suffering an injury. Under Texas law, a breach of contract claim based on the duty to indemnify is ripe only after an insured has been adjudicated, by judgment or settlement, to be legally responsible for damages. *ASI Lloyds v.*

*Newman*, No. CV H-12-1451, 2012 WL 13042502, at *5 (S.D. Tex. Nov. 27, 2012) (citations omitted); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 313 (5th Cir. 2019) (under Texas law, "[a] claim for breach of an insurance contract accrues and limitations begin to run on the date coverage is denied."). In addition, an insurer is liable for breach of its duty of good faith and fair dealing if it fails to reasonably investigate a claim or "denies a claim when [it] knew or should have known that it was reasonably clear that the claim was covered." *ASI Lloyds*, 2012 WL 13042502 at *6; *Smith*, 932 F.3d at 313.

Although the Ainsworth suit has been settled, H&P has not yet been adjudged legally responsible to Pruitt for any amount of the Ainsworth Settlement or defense costs. As a result, IUIC has never denied H&P indemnity for an amount for which H&P has been adjudicated responsible. ECF 65 at 14. Therefore, as IUIC argues, H&P's breach of contract claim is one for a future breach and is not ripe. Furthermore, as IUIC argues, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. ECF 65 at 21 (citing *Allen v. Lloyds*, 4:12-CV-614-Y, 2014 WL 12580256, at *3 (N.D. Tex. Mar. 10, 2014) and *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996)). In its Response, H&P argues generally that its claims are ripe because "the underlying liability matter has already settled; there will be no more factual development of an

underlying record; and *only* questions of indemnity, defense[4], and coverage remain."
ECF 68 at 13 (emphasis in original).  However, Pruitt's claim against H&P has not
been settled.   H&P's argument ignores Texas law which clearly holds that an
insured's breach of contract and bad faith claims against its insurer are premature
until the insurer has refused to pay pursuant to the policy.  *See Triyar Companies,
LLC*, 2013 WL 3280033, at *5 (dismissing as premature request for declaration that
insurer's failure to pay portion of damages for which it would be found responsible
constitutes breach of contract and breach of duty of good faith).  Therefore, H&P's
claims against IUIC for breach of contract and bad faith should be dismissed without
prejudice as premature.

### B. This Court lacks personal jurisdiction over the Insurers.

#### 1. The exercise of personal jurisdiction over a non-resident defendant must meet due process requirements.

"Personal jurisdiction in federal court is governed by the law of the state in
which the federal court sits."  *Bulkley v. Associates, L.L.C. v. Dep't of Indus.
Relations*, 1 F.4th 346, 351 (5th Cir. 2021).  In Texas, courts employ a two-step
inquiry to evaluate personal jurisdiction over nonresident defendants by "ensuring

---

[4] "Defense" here refers to indemnity for Pruitt's defense costs incurred in the Ainsworth case.
H&P has never demanded defense by the Insurers in this case and the Third-Party Complaint
makes clear that H&P's "claims against [Insurers] in this lawsuit are limited solely to any amounts
the Court finds are due and owing by [H&P] to Pruitt on account of the claims asserted by Pruitt
in this action . . .," which include all amounts Pruitt incurred to defend itself in the underlying
lawsuit.  ECF 55 ¶¶ 22-23.

compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." *Id.*  Because the Texas long-arm statute is coextensive with the limits of federal due process, the two-step inquiry "collapses into one federal due process analysis." *Id*.

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has "purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).  Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong of the due process analysis, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the forum (general jurisdiction).  *Alpine View*, 205 F.3d at 215; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984).

Under the second prong of the due process analysis, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice.  The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 473 (5th Cir. 2006).

## 2. H&P has not demonstrated minimum contacts with Texas sufficient to establish personal jurisdiction over the Insurers.

### a. H&P has not pled facts sufficient to establish general jurisdiction.

The Insurers argue that H&P has not pled sufficient contacts to make a prima facie showing of general or specific personal jurisdiction.  ECF 65 at 15-18.  H&P pleads that IUIC is an Illinois corporation with its principal place of business in Illinois.  H&P alleges that this Court has general personal jurisdiction over IUIC because its "contacts are so continuous and systematic through its operations that it is essentially at home in the State of Texas."  ECF 55 ¶ 6.  H&P alleges the following facts in support of general jurisdiction:   IUIC is registered with the Texas Department of Insurance; IUIC provided the umbrella policy at issue which provides

coverage for H&P's activities in Texas; the underlying incident—Ainsworth's injury—occurred in Texas; the resulting state court lawsuit was brought and litigated in Texas; IUIC attended a mediation and participated in trial preparation in Texas; and IUIC performed underwriting and claims services for the Umbrella policy in Texas. *Id.*

Similarly, H&P pleads that Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania, and alleges this Court has general personal jurisdiction over Westchester because its "contacts are so continuous and systematic through its operations that it is essentially at home in the State of Texas." ECF 55 ¶ 7.  H&P alleges the following facts in support of general jurisdiction over Westchester:   Westchester is registered with the Texas Department of Insurance; Westchester provided the excess insurance policy at issue which provides coverage for H&P's activities in Texas; the underlying incident occurred in Texas; the resulting state court lawsuit was brought and litigated in Texas; and Westchester attended mediation and participated in trial preparation in Texas.  *Id.*

Although H&P's Response to the Insurer's Motion to Dismiss does not include a section specifically addressing general jurisdiction,[5] some of its arguments

_____

[5] *See* ECF 68 at 15 (section heading "This Court has specific jurisdiction over the Insurers because of their specific actions in Texas related to the underlying lawsuit," with no corresponding section for general jurisdiction).

apply to a general jurisdiction inquiry.  In addition to arguing that the Insurers are subject to personal jurisdiction in Texas because they registered with the Texas Department of Insurance and issued policies that cover H&P's operations in Texas, H&P states "[o]n information and belief, IUIC has offices and employees in Texas, and the IUIC Umbrella Policy was issued out of and/or retained in IUIC's document office in Houston, Texas."  ECF 68 at 16.  H&P also states "[o]n information and belief, Westchester's business covers the Texas region, and it regularly conducts business in Texas."  *Id.*

The conclusory assertions in the Third-Party Complaint alleging that the Insurers have "continuous and systematic" contacts with Texas are insufficient to make a prima facie showing of general jurisdiction.  *See Panda Brandywine Corp.*, 253 F.3d at 869 (the court need not accept conclusory allegations as true).  H&P's additional allegations made "on information and belief" in its Response, even if true, fail to meet H&P's burden to demonstrate continuous and systematic contacts sufficient to support general jurisdiction.  The Supreme Court has made clear that absent exceptional circumstances a corporation is at home only its state or states of incorporation and principal place of business.  *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (stating that "[o]nly a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014))).  It is "incredibly

difficult" to establish exceptional circumstances that warrant extending general personal jurisdiction over a corporation beyond its place of incorporation and principal place of business. *Pace v. Cirrus Design Corp.*, No. 23-60465, 2024 WL 2817567, at *3 (5th Cir. June 3, 2024); *Simply Delivered, LLC v. Bazaar, Inc*., No. CV H-23-2894, 2024 WL 2701635, at *2 (S.D. Tex. May 24, 2024) (stating "a corporation may further be at home where its corporate operations are "so substantial and of such a nature as to render the corporation at home in the forum" but "such 'exceptional circumstances' are incredibly difficult to establish.").

Appointment of a registered agent for service of process and registration to do business in Texas are not exceptional circumstances that make a corporation at home in Texas. *See Clark v. Marcus Todd Sampson Est.*, No. 6:19-CV-01202, 2020 WL 7034578, at *3 (W.D. La. Nov. 30, 2020) (holding that post-*Daimler A.G.*, courts have "generally held that registration and the appointment of an agent in the forum state does not render a defendant 'at home' in the forum, and that mere registration does not permit a finding that the defendant has 'consented' to general jurisdiction." (citing cases)); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) (concluding "this Court has found [no case] that supports the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction."). The Court finds that H&P has not met its burden to show exceptional

circumstances justifying the exercise of general personal jurisdiction over the Insurers in Texas.

> **b.   H&P has not pled facts sufficient to establish specific jurisdiction.**

Specific personal jurisdiction comports with due process if (1) the defendant purposefully avails itself of the privilege of conducting activities in the state; (2) the plaintiff's claim arises out of those activities; and (3) exercising jurisdiction is fair and reasonable. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317-18 (5th Cir. 2021). H&P argues that the Insureds, particularly IUIC: purposely directed their activities to Texas; this case arises from the activities that were directed to Texas; and the exercise of personal jurisdiction over the Insurers is fair and reasonable and comports with due process standards because it was foreseeable the Insurers would face a lawsuit in Texas. ECF 68 16-19.

In addition to the factual allegations put forth in support of general jurisdiction, H&P alleges that specific jurisdiction exists in Texas over the Insurers because the "underlying Ainsworth incident occurred in Texas and the Ainsworth lawsuit was filed in Harris County, Texas." *Id.* at 16. Further, H&P contends that claims adjuster for the IUIC Umbrella Policy, who also acted as the adjuster for Westchester, attended meetings, investigated the claims, and participated in mediation and a mock trial in Texas. *Id.* at 17. H&P emphasizes that IUIC issued the Umbrella Policy to H&P with full knowledge of H&P's Texas operations and

the fact that a covered event could occur in Texas.  *Id.* at 17.  In fact, according to H&P, IUIC considered data from prior personal injury lawsuits involving H&P's operations in Texas when setting the amount of the premium for the Umbrella Policy.  *Id.*  Finally, H&P notes that the Insurers have availed themselves of Texas law, specifically invoking TOAIA, to avoid liability to H&P in this action.  *Id.*

Meanwhile, the Insurers argue that the policies at issue are global in scope and in no way specific to Texas, even though the policies cover activity in Texas.  ECF 65 at 17.  The policies do not contain provisions calling for the application of Texas law or provide for Texas as a forum.  *Id.*  Moreover, H&P is a global company that is organized under the laws of Oklahoma, not Texas.  *Id.*  Most significantly, the Insurers cite law from courts within the Fifth Circuit holding that personal jurisdiction requires something more than participation in an underlying tort suit in the same state.  *Id.* at 18.  For example, in *Nautilus Ins. Co. v. Tite Water Energy, LLC*, No. 4:23-CV-00574, 2023 WL 6626809, at *2 (S.D. Tex. Oct. 10, 2023), the plaintiff insurance companies sought a declaration that they were not liable to defendants for a Texas state court judgment in an underlying tort case.  The defendants moved to dismiss for lack of personal jurisdiction.  *Id.*  The *Nautilus* court found the defendants' participation (as defendants) in the underlying tort litigation in Texas did not constitute sufficient contacts with Texas to confer personal jurisdiction over the defendants in a Texas federal court on the insurers' subsequent

declaratory judgment action.  *Id.* at *3 (citing cases that "have uniformly concluded that personal jurisdiction requires 'something more that the mere existence of the underlying suit' in the same state").  H&P attempts to distinguish *Nautilus* and the cases cited therein because in those cases the defendants' *only* contact with the forum was the underlying litigation, whereas here the Insurers also are registered with the Texas Department of Insurance and do business in Texas.  ECF 68 at 18.  In other words, H&P argues that in this case there is *something more* than the underlying suit to tie the Insurers to Texas.  But, H&P's action against the Insurers does not arise out of the contacts it contends constitute *"something more"* and the Court has already ruled that the Insureds' contacts with Texas do not satisfy general jurisdiction requirements.  H&P's attempted distinction amounts to an end-run around the requirements for specific personal jurisdiction. This suit arises out of H&P's contracts with the Insurers.  H&P, which is not a Texas Company, has not shown that specific personal jurisdiction in Texas is appropriate based on the Insurers' alleged failure to perform under the excess policies.

H&P cites to *Admiral Ins. Co. v. Briggs*, No. CIV.A. 302CV0310P, 2002 WL 1461911, at *8 (N.D. Tex. July 2, 2002) as a case in which the court found an insured subject to personal jurisdiction in Texas.  ECF 68 at 18.  But *Briggs* does not support personal jurisdiction over the Insurers in this case.  In *Briggs*, an insurer that insured the officers and directors of a company sued in federal court for a declaration that it

was not obligated to defend its insureds in a tort action in Texas state court. The defendants moved to dismiss the case for lack of personal jurisdiction. The primary issue before the court in *Briggs* was whether the individual defendants were protected by the fiduciary shield doctrine. 2002 WL 1461911 at *5. The court found as to one defendant that being a defendant in the underlying tort action was not sufficient to overcome the fiduciary shield doctrine and subject him to personal jurisdiction in Texas. 2002 WL 1461911 at *6. As to the other defendant, the court found that the fiduciary shield doctrine did not protect him because he was alleged to have committed an intentional tort in Texas and that tort was the subject of the underlying state court lawsuit in Texas in which he was seeking a defense. 2002 WL 1461911 at *7. The facts here are very different. Here, the Insurers issued insurance policies that cover H&P's liability for torts that occur in Texas and other states; the Insurers did not commit a tort in Texas or have any choice about performing contractual duties in Texas. In its analysis, the *Briggs* court explained that performance of a contractual duty in a particular forum carries little weight in the personal jurisdiction analysis if the decision to perform in the forum is based on the unilateral decision of another. *Id.* at *8.

Mere foreseeability is not sufficient to establish personal jurisdiction—a defendant must take some "purposeful and affirmative action" in the forum state. *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 566 (S.D. Tex. 2021) (citing

*Central Freight Lines Inc. v. APA Transport Corp*, 322 F.3d 376, 382 n. 6 (5th Cir. 2003)).  H&P cites no case with analogous facts to support its personal jurisdiction arguments.  The Insurers did not purposefully avail themselves of the benefits and protections of Texas by issuing the Umbrella and Excess Policies because the policies were not specifically directed to activities in Texas or any other single state. The Insurers also did not purposefully avail themselves of this forum by participating in the underlying state court case:  they played no role in and had no control over the location of the tort or the location of the lawsuit.  H&P's Third-Party Complaint arises out of the Insurers contracts with H&P, which were entered into before Ainsworth was injured in Texas.  If the Court adopted H&P's arguments for the exercise of personal jurisdiction over the Insurers in this case, the Insurers essentially would be subject to personal jurisdiction anywhere that H&P has operations.  Such a result does not comport with the due process requirements of personal jurisdiction. The Court finds that H&P has not met its burden to show that the Insurers are subject to specific personal jurisdiction in this case.

> **3. The Insurers need not prove the exercise of jurisdiction over them in Texas would be unfair.**

In order to shift the burden to the Insurers to prove why the exercise of personal jurisdiction would be unfair, H&P must establish a prima facie case of personal jurisdiction.  *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).  Because the Court finds H&P has not met its burden,

it need not address the fundamental fairness factors set forth in *Luv N' care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 473 (5th Cir. 2006).

### 4. H&P has not shown that it should be allowed to pursue jurisdictional discovery before dismissal.

H&P requests that, in the event the Court concludes the record does not establish sufficient contacts for the exercise of personal jurisdiction over the Insurers, it be permitted to engage in jurisdictional discovery relating to "the Insurers' operations within Texas, the Insurers' defense and indemnity of claims in Texas, the negotiation of the insurance policies at issue (including but not limited to the Insurers' due diligence and the location of any negotiations), the administration and performance of contract obligations of the insurance policies at issue (including underwriting an claim service activities), and the Insurers' activities and decision-making process related to defense and indemnity as to the Ainsworth lawsuit." *Id.* at 20.   The list of discovery topics identified by H&P appears more appropriate for a choice of law analysis than a personal jurisdiction analysis.  *Cadence Bank v. Lavezzari & Assocs., Inc.*, No. 4:24-CV-869, 2024 WL 2412741, at *3 (S.D. Tex. May 22, 2024) (in Texas courts use the "most significant relationship" test to determine what state law to apply and consider the following factors: "(a) the place of the contracting; (b) the place of negotiation; (c) the place of performance; (d) the location of the contract's subject matter; and (e) the parties' domicile, residence, nationality, place of incorporation, and place of business." (citations omitted)).  In

any event, as stated above, the standard for the exercise of general personal jurisdiction over a corporation in a forum outside of its state of incorporation or principal place of business is very difficult to satisfy.  The Court is not persuaded that any amount of discovery would change the jurisdictional analysis in this case. As to specific jurisdiction based on the underlying lawsuit, H&P is fully aware of the Insurers actions in connection with that lawsuit and those have been fully addressed herein.  Therefore, no jurisdictional discovery is needed with respect to specific jurisdiction.  The Court recommends granting the Motion to Dismiss at this time instead of deferring a decision until after jurisdictional discovery.

## IV.   Conclusion and Order

For the reasons discussed above, the Court RECOMMENDS that the Insurers' Motion to Dismiss the Third-Party Complaint be GRANTED and the Third-Party Complaint be dismissed without prejudice for lack of personal jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 09, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge